**Affirmed and Memorandum Opinion filed August 25, 2016.**



In The

# Fourteenth Court of Appeals

---

NO. 14-15-00558-CR
NO. 14-15-00559-CR

---

**DEREK R. WASHINGTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause Nos. 1402737, 1402738**

---

## M E M O R A N D U M   O P I N I O N

Appellant, Derek Washington, appeals his convictions for possession of a firearm by a felon and evading arrest or detention as a second offender. In two issues, appellant contends (1) the trial court erred by denying appellant's motion to suppress evidence regarding the firearms he possessed, and (2) the evidence is insufficient to support his conviction for evading arrest or detention. We affirm.

# I. BACKGROUND

According to the State's evidence, at approximately 2:00 a.m. on September 26, 2013, two police officers observed a vehicle, in which appellant was a backseat passenger, traveling the wrong way on a one-way street. The officers used the lights and sirens on their patrol car to signal the vehicle to stop. While one officer, dressed in police uniform, stepped out of the police car to approach the other vehicle, appellant immediately exited the vehicle and fled on foot. The officer yelled, "Houston police, stop," but appellant continued running. The officer pursued appellant on foot but lost sight of him when he entered a hotel parking garage. Additional units arrived, and a K-9 unit found appellant hiding under a vehicle in the garage. The pursuing officer arrested appellant and returned to the scene of the traffic stop where the other officer had detained the driver and the other passenger. That officer seized a plastic bag which was open in the back seat of the men's vehicle. Inside the bag was an unlabeled pill bottle containing a substance that tested positive for cocaine.

Meanwhile, on the hotel's surveillance recording, a hotel security guard observed a man run through the parking garage, remove items from his waistband, and place them in a trash can, so the guard called the police back out. The officers returned to the garage and found two loaded handguns inside the trash can. The officers subsequently reviewed the surveillance footage and saw appellant— identifiable from his distinctive bright-green shirt—remove from his waistband and place in the trash can what one officer described as "items" and the other officer described more specifically as two "handguns."

Appellant was charged with possession of a controlled substance, evading arrest or detention as a second offender, and possession of a firearm by a felon. Appellant moved to suppress evidence regarding the handguns found in the trash

can on, inter alia, the ground they were seized in violation of the Fourth Amendment to the United States Constitution. During trial, the trial court held a hearing on that motion outside the jury's presence. After hearing testimony, the trial court denied the motion but permitted a jury instruction on disregarding evidence obtained in violation of the law. *See* Tex. Code. Crim. Proc. Ann. art. 38.23(a) (West 2005).

The jury found appellant guilty of possession of a firearm by a felon and evading arrest or detention as a second offender but not guilty of possession of a controlled substance. After finding two enhancement paragraphs were "true," the trial court sentenced appellant to twelve years' confinement for evading arrest or detention and twenty-five years' confinement for possession of a firearm by a felon.

## II.  MOTION TO SUPPRESS

In his first issue, appellant contends the trial court erred by denying appellant's motion to suppress. Appellant did not identify the challenged evidence at the suppression hearing and does not identify on appeal what evidence he contends was wrongfully admitted but generally refers to "all evidence seized." However, in his written motion to suppress, appellant expressed that he was challenging only admission of evidence regarding the handguns. Accordingly, we construe this issue as applicable only to appellant's conviction for possession of a firearm by a felon.[1]

---

[1] In his appellate brief, appellant refers to a motion to suppress he purportedly filed, and the trial court denied, in the evading-arrest-or-detention case. The trial court signed an order in that case denying a "motion to suppress," but appellant filed only a motion to dismiss—not a motion to suppress—on the ground there was no lawful basis to detain appellant. Appellant did not request the trial court to suppress any evidence in that case. Accordingly, we will consider lawfulness of the attempted detention relative to that case when we address appellant's second issue challenging sufficiency of the evidence to support that conviction.

We review a trial court's ruling on a motion to suppress under a bifurcated standard. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). We give almost total deference to the trial court's findings of historical fact that are supported by the record and its application of the law to the facts if the resolution of those questions turns on an evaluation of credibility and demeanor. *Id.* We review *de novo* the trial court's application of the law to the facts when the issue does not turn on credibility and demeanor. *See id.*

The Texas Code of Criminal Procedure provides:

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

Tex. Code Crim. Proc. Ann. art. 38.23(a). Appellant contends the guns were obtained in violation of the Fourth Amendment to the United States Constitution, which prohibits unreasonable searches and seizures, because the guns were seized as a result of an unlawful detention. *See* U.S. Const. Amend. IV. Specifically, appellant argues the officers lacked a lawful basis to detain appellant upon stopping the vehicle because he was merely a passenger and the officers did not have reasonable suspicion that appellant was engaged in criminal activity.

Assuming, without deciding, that appellant preserved his contention for appellate review, the trial court did not err by denying the motion to suppress.[2]

---

[2] Arguably, appellant failed to preserve error because his appellate contention does not comport with his complaint in the trial court. *See* Tex. R. App. P. 33.1(a); *Rothstein v. State*, 267 S.W.3d 366, 373–74 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). In his written motion to suppress, appellant asserted the guns were seized as a result of an illegal detention because officers lacked probable cause to stop the vehicle as the driver had not committed a traffic violation. During the suppression hearing, appellant presented only his own testimony, which focused entirely on whether there was a traffic violation, and his counsel represented the testimony was presented solely for determining whether probable cause existed to stop the vehicle. In the motion and during the hearing, appellant never argued he could not be lawfully

4

Contrary to appellant's suggestion, the undisputed evidence established the officers did not seize the handguns as a result of any detention. The officers did not search appellant when they stopped the vehicle because he immediately fled. Additionally, the officers did not seize the guns during the ultimate arrest of appellant—after the pursuit. Rather, appellant discarded the guns in a trash can during the pursuit, and the officers later found them.

When the police take possession of property that has been abandoned independent of police misconduct, there is no seizure under the Fourth Amendment. *Swearingen v. State*, 101 S.W.3d 89, 101 (Tex. Crim. App. 2003). Further, no person can reasonably expect privacy in property he abandons. *Matthews v. State*, 431 S.W.3d 596, 608 (Tex. Crim. App. 2014). Thus, when a defendant voluntarily abandons property, he lacks standing to contest the reasonableness of the seizure of the property. *See id.*; *Swearingen*, 101 S.W.3d at 101. But merely discarding property is not synonymous with abandonment; in order to abandon property, the decision to abandon must be voluntary, and the defendant must intend to abandon the property. *Matthews*, 431 S.W.3d at 608–09. Abandonment is not voluntary if it is the product of police misconduct; abandonment cannot be "'coerced by unlawful police action such as approaching a suspect with the intention to arrest without probable cause [or by] the initiation of an illegal investigatory stop or search.'" *Id.* at 609 (quoting *Comer v. State*, 754 S.W.2d 656, 658 (Tex. Crim. App. 1988) (op. on reh'g)); *see Swearingen*, 101 S.W.3d at 101.

---

detained because he was merely a passenger—his sole appellate contention. However, in his written motion, appellant also generically asserted that upon stopping the vehicle, the officers lacked "articulable facts" warranting an intrusion on appellant's freedom. Even if such assertion may be construed as encompassing an argument that appellant could not be lawfully detained because he was merely a passenger, the trial court did not err by denying the motion to suppress.

Appellant does not address whether the abandonment principle applies. Regardless, to the extent appellant implicitly suggests any abandonment was coerced because he discarded the guns during the officers' allegedly unlawful attempt to detain him, we reject his contention.

When the police stop a vehicle for a traffic violation, the driver and all passengers are lawfully seized, and the police need not have cause to believe any occupants are involved in criminal activity. *See Arizona v. Johnson*, 555 U.S. 323, 327, 333 (2009) (citing *Brendlin v. California*, 551 U.S. 249, 255, 257, 258 (2007)). As the *Johnson* court held,

> A lawful roadside stop begins when a vehicle is pulled over for investigation of a traffic violation. The temporary seizure of driver and passengers ordinarily continues, and remains reasonable, for the duration of the stop. Normally, the stop ends when the police have no further need to control the scene, and inform the driver and passengers they are free to leave. . . . a traffic stop of a car communicates to a reasonable passenger that he or she is not free to terminate the encounter with the police and move about at will.

*Id.* at 333 (citing *Brendlin*, 551 U.S. at 257, 258).

Before the suppression hearing, one officer testified that the vehicle in which appellant was a passenger was stopped for traveling the wrong direction on a one-way street. During the hearing, appellant suggested the vehicle was not traveling the wrong direction. The trial court orally announced that it found the officer's testimony was credible, and we defer to the trial court's finding. *See Amador*, 221 S.W.3d at 673. Thus, the officers had a lawful basis to detain appellant and pursue him when he fled the vehicle. *See Johnson*, 555 U.S. at 327, 333. Accordingly, appellant's abandonment of the guns during the pursuit was not the product of police misconduct, there was no Fourth Amendment violation in the officers seizing the guns, and appellant lacks standing to challenge the seizure. *See*

6

*Matthews*, 431 S.W.3d at 608–09; *Swearingen*, 101 S.W.3d at 101. Therefore, the trial court did not err by denying appellant's motion suppress. We overrule his first issue.

### III. SUFFICIENCY OF THE EVIDENCE

In his second issue, appellant challenges sufficiency of the evidence to support his conviction for evading arrest or detention as a second offender.[3] When reviewing sufficiency of the evidence, we view all evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011). We do not sit as the thirteenth juror and may not substitute our judgment for that of the fact finder by re-evaluating weight and credibility of evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We defer to the jury's responsibility to fairly resolve conflicts in testimony, weigh the evidence, and draw all reasonable inferences from basic facts to ultimate facts. *Id.* Our duty as reviewing court is to ensure the evidence presented actually supports a conclusion that the defendant committed the crime. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

As pertinent to this case, "[a] person commits an offense if he intentionally flees from a person he knows is a peace officer . . . attempting lawfully to . . . detain him." Tex. Penal Code Ann. § 38.04(a) (West Supp. 2015). The offense is a state jail felony if the actor has been previously convicted under the same statute. *Id.* § 38.04(b)(1)(A) (West Supp. 2015). At trial, appellant stipulated he was previously convicted of evading arrest or detention.

---

[3] Appellant does not challenge sufficiency of the evidence to support his conviction for possession of a firearm by a felon.

Appellant does not dispute that he intentionally fled a person he knew was a police officer attempting to detain him. However, appellant contends the evidence is insufficient to establish the officer was attempting **lawfully** to detain appellant. *See id.* § 38.04(a). Appellant presents the same contention he made relative to his motion to suppress: the officers lacked a lawful basis to detain appellant because he was merely a passenger in the vehicle and the officers did not have reasonable suspicion that appellant was engaged in criminal activity. As discussed above, the police could lawfully detain appellant as a passenger in the vehicle stopped for a traffic violation without suspicion he was engaged in criminal activity. *See Johnson*, 555 U.S. at 327, 333. We recognize the *Johnson* court applied this concept when determining the legality of a search and seizure under the Fourth Amendment relative to a motion to suppress. *See generally id.* at 326–34. However, our court has applied the concept to evaluate sufficiency of the evidence to support a conviction when lawfulness of a detention was an element of the offense. *See Overshown v. State*, 329 S.W.3d 201, 207–09 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (holding evidence was sufficient to support defendant's conviction for giving false name to a police officer while "lawfully detained" because defendant was detained as the passenger in a vehicle stopped for a traffic violation when he provided the false information).

As discussed, the State presented evidence that appellant was a passenger in a vehicle stopped by police for a traffic violation. Consequently, the jury could have concluded beyond a reasonable doubt that appellant intentionally fled from a person he knew was a peace officer lawfully attempting to detain appellant when he immediately ran from the vehicle, continued fleeing on foot from a pursuing officer who commanded him to stop, and hid in the parking garage. Accordingly, we overrule appellant's second issue.

We affirm the trial court's judgment.


/s/     John Donovan
        Justice


Panel consists of Justices Busby, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).